Mr. Tim Jacob, Chairman Arkansans for Governmental Reform, Inc. P.O. Box 1447 Little Rock, Arkansas 72203
Dear Mr. Jacob:
This is in response to your request, pursuant to A.C.A. §7-9-107, for certification of the following proposed popular name and ballot title:
(Popular Name)
ARKANSAS TERM LIMITATION AMENDMENT
(Ballot Title)
 A SEVERABLE AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS LIMITING THE NUMBER OF TERMS THAT MAY BE SERVED BY THE ELECTED OFFICIALS OF THE EXECUTIVE DEPARTMENT OF THIS STATE TO TWO (2) FOUR-YEAR TERMS, THIS DEPARTMENT TO CONSIST OF A GOVERNOR, LIEUTENANT GOVERNOR, SECRETARY OF STATE, TREASURER OF STATE, AUDITOR OF STATE, ATTORNEY GENERAL, COMMISSIONER OF STATE LANDS; LIMITING THE NUMBER OF TERMS THAT MAY BE SERVED BY MEMBERS OF THE ARKANSAS HOUSE OF REPRESENTATIVES TO THREE (3) TWO-YEAR TERMS; LIMITING THE NUMBER OF TERMS THAT MAY BE SERVED BY THE MEMBERS OF THE ARKANSAS SENATE TO TWO (2) TERMS. PROVIDING THAT ANY PERSON HAVING BEEN ELECTED TO THREE (3) OR MORE TERMS AS A MEMBER OF THE UNITED STATES HOUSE OF REPRESENTATIVES FROM ARKANSAS SHALL NOT BE ELIGIBLE TO HAVE THEIR NAME APPEAR ON THE BALLOT FOR ELECTION TO THE UNITED STATES HOUSE OF REPRESENTATIVES FROM ARKANSAS; PROVIDING THAT ANY PERSON HAVING BEEN ELECTED TO TWO (2) OR MORE TERMS AS A MEMBER OF THE UNITED STATES SENATE FROM ARKANSAS SHALL NOT BE ELIGIBLE TO HAVE THEIR NAME APPEAR ON THE BALLOT FOR ELECTION TO THE UNITED STATES SENATE FROM ARKANSAS; PROVIDING FOR AN EFFECTIVE DATE OF JANUARY 1, 1993; AND MAKING PROVISIONS APPLICABLE TO ALL PERSONS THEREAFTER SEEKING ELECTION TO THE SPECIFIED OFFICES.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, your proposed popular name is hereby approved as submitted.
With regard to the proposed ballot title, however, it is my opinion that the submitted ballot title should be altered slightly to make the issues more intelligible for the elector. The submitted ballot title is therefore disapproved and the following substituted:
(Ballot Title)
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS LIMITING THE NUMBER OF TERMS THAT MAY BE SERVED BY THE ELECTED OFFICIALS OF THE EXECUTIVE DEPARTMENT OF THIS STATE TO TWO (2) FOUR-YEAR TERMS, THIS DEPARTMENT TO CONSIST OF A GOVERNOR, LIEUTENANT GOVERNOR, SECRETARY OF STATE, TREASURER OF STATE, AUDITOR OF STATE, ATTORNEY GENERAL, AND COMMISSIONER OF STATE LANDS; LIMITING THE NUMBER OF TERMS THAT MAY BE SERVED BY MEMBERS OF THE ARKANSAS HOUSE OF REPRESENTATIVES TO THREE (3) TWO-YEAR TERMS, THESE MEMBERS TO BE CHOSEN EVERY SECOND YEAR BY THE QUALIFIED ELECTORS OF THE SEVERAL COUNTIES; LIMITING THE NUMBER OF TERMS THAT MAY BE SERVED BY MEMBERS OF THE ARKANSAS SENATE TO TWO (2) TERMS, THESE MEMBERS TO BE CHOSEN EVERY TWO OR FOUR YEARS BY THE QUALIFIED ELECTORS OF THE SEVERAL DISTRICTS; PROVIDING THAT ANY PERSON HAVING BEEN ELECTED TO THREE (3) OR MORE TERMS AS A MEMBER OF THE UNITED STATES HOUSE OF REPRESENTATIVES FROM ARKANSAS SHALL NOT BE ELIGIBLE TO HAVE THEIR NAME APPEAR ON THE BALLOT FOR ELECTION TO THE UNITED STATES HOUSE OF REPRESENTATIVES FROM ARKANSAS; PROVIDING THAT ANY PERSON HAVING BEEN ELECTED TO TWO (2) OR MORE TERMS AS A MEMBER OF THE UNITED STATES SENATE FROM ARKANSAS SHALL NOT BE ELIGIBLE TO HAVE THEIR NAME APPEAR ON THE BALLOT FOR ELECTION TO THE UNITED STATES SENATE FROM ARKANSAS; PROVIDING THAT A PERSON ONCE DULY SWORN INTO OFFICE SHALL BE DEEMED TO HAVE SERVED A TERM IN THAT OFFICE; PROVIDING THAT THIS AMENDMENT IS SEVERABLE AND SELF-EXECUTING; PROVIDING FOR AN EFFECTIVE DATE OF JANUARY 1, 1993; AND MAKING THE PROVISIONS APPLICABLE TO ALL PERSONS THEREAFTER SEEKING ELECTION TO THE SPECIFIED OFFICES; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh